UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY L. McCRORY,

    Plaintiff,

v.

                                                  Case No. 07-11475

DEPARTMENT OF VETERANS
AFFAIRS,

    Defendant.

_____/

**OPINION AND ORDER DENYING PLAINTIFF'S "MOTION FOR DISCOVERY . . ."**

Pending before the court is Plaintiff Anthony McCrory's May 21, 2007 "Motion for Discovery . . . ," which was filed in response to this court's May 18, 2007 order granting Defendant Department of Veteran's Affairs' motion to dismiss. The court concludes a hearing on the motion is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will deny the motion.

Plaintiff's motion is in substance a motion for reconsideration, and the court will construe it as such.[1] Rule 7.1(g) of the Local Rules for the Eastern District of Michigan provides that a motion for reconsideration shall be granted only if the movant can (1) "demonstrate a palpable defect by which the court and the parties have been misled," and (2) show that "correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(g)(3). "A 'palpable defect' is 'a defect that is obvious, clear,

---

[1] The motion includes a "Demand to reenstate [sic]." (Pl.'s Mot. at 6.)

unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican,* 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)).

Plaintiff's motion, as well as a subsequent letter to the court, fail in any meaningful way to call into question the legal reasoning the court relied upon when it granted Defendant's motion to dismiss. The court's analysis was jurisdictional and it relied upon "ample" authority that does not bear repeating. (5/18/07 Order at 2.) Plaintiff's arguments and aspersions, which also do not merit detailed exposition, do not directly address the authority upon which the court relied. As such, the court is not persuaded that a palpable defect the correction of which would lead to a different outcome caused it to conclude that this court lacks subject matter jurisdiction over Plaintiff's claim. Plaintiff should bear in mind that the court expresses no view on the ultimate merit of his claims or the truth of his accusations against the government. The court instead decided a narrow question of law: whether those claims and accusations should be decided in this forum, the United States District Court for the Eastern District of Michigan. The answer was and is no. Accordingly,

IT IS ORDERED that Defendant's "Motion for Discovery . . ." [Dkt # 16] is DENIED.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: June 11, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 11, 2007, by electronic and/or ordinary mail.

                                         S/Lisa Wagner
                                         Case Manager and Deputy Clerk
                                         (313) 234-5522